THE PEOPLE OF PUERTO RICO on behalf of minor M.G.G., Appellant.

No. O-70-20.        Decided May 11, 1971.

*Gilberto Gierbolini, Solicitor General, Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People. *Jackie H. Santos, Felipe Cirino Colón, Fermín B. Arraiza, José B. Díaz Asencio,* and *José Hamid Rivera* for minor M.G.G.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

■ This is the case of an incorrigible child—that is, one whose conduct jeopardizes his own or the community's welfare—which reaches this Court on appeal requesting the reversal of the order of the Division of Matters Concerning Minors of the trial court which declared that he committed an offense, that if he had been tried as an adult, it would constitute murder in the first degree.[1] At the time of the occurrence, January 7, 1969, this minor was almost 17 years old and today, almost 19 years old.[2]

In an elaborate brief to support his appeal, appellant assigns and discusses transcendental contentions for the proceedings concerning children before the trial court, such as that he was not tried by an impartial jury in violation of the constitutional guarantee of the right to a trial by jury, the inadmissibility of the confessions made by minors in violation of the doctrines established in *Escobedo* v. *Illinois*, 378 U.S. 478; *Miranda* v. *Arizona*, 384 U.S. 436; *Rivera Escuté* v. *Delgado, Warden*, 92 P.R.R. 746 (1965), and the action of the judge who presided the hearing of the complaint in the dual capacity of judge and prosecuting attorney. Appellant also challenged the sufficiency and weighing of the evidence and the fact that the facts proved were not specified and the conclusions of law were not set forth separately.

---

[1] Section 1 of the Minors Act, Act No. 97 of June 23, 1955, 34 L.P.R.A. § 2001 defines "child" as any "person under 18 years of age or a person who having reached 18 years of age is held to answer for an actual or attempted violation of a commonwealth law or a municipal ordinance committed by said person before his having attained the age of 18 years." Rule 1(h) of the Rules for Proceedings Concerning Children, 34 L.P.R.A. App. I, defines "Incorrigible" as any "minor who is beyond the control of his parents, custodians, or teachers and who jeopardizes his own or the community's welfare." Paragraph (g) of this same rule defines "Offense" as "the charge made in a complaint against a minor for a violation or attempted violation of any commonwealth law or municipal ordinance or because he is deemed incorrigible."

[2] His date of birth is June 30, 1952.

■ It is not necessary for a fair solution of this case to consider contentions which in essence constitute an attack to the constitutionality of the Minors Act and the Rules for Proceedings Concerning Children. The rule that courts should not consider contentions of a constitutional nature, when the case can be disposed of in harmony with appellant's interests and in consonance with the best ends of justice, is well known.

The study which we have made of the record and the parties' briefs convinces us that the best ends of justice are achieved and appellant's interests are satisfied at the same time by setting aside the proceedings carried out before the Division of Matters Concerning Minors and remanding the case in order that, pursuant to § 4 of the Minors Act, 34 L.P.R.A. § 2004, the former shall hold a hearing giving appellant the opportunity to show cause why it should not waive its jurisdiction or order a change of venue for the case to be dealt with as that of an adult before the corresponding Part of the Court of First Instance.

The aforesaid § 4 authorizes the Division of Matters Concerning Minors to waive its jurisdiction when, after investigating the case, it concludes that to take cognizance thereof would be at cross-purpose with the welfare of the minor or of the community.[3] In this determination several factors connected with the nature of the facts charged against the minor and with his person and his history come into

---

[3] Section 4 of the Minors Act provides:

*"When a child over 16 years and under 18 years of age is charged with the violation of a commonwealth law, the Judge, after investigating the case and concluding that to take cognizance thereof under the provisions of sections 2001–2015 of this title would be at cross purpose with the welfare of the minor or of the community, may waive the jurisdiction of the court and order a change of venue for the case to be dealt with as that of an adult before the corresponding Part of the Court of First Instance. No resolution or order entered by the court, or evidence adduced against the minor before this court may be offered or admitted as evidence in any other civil or criminal case, or in any other judicial proceeding commenced with any purpose against said minor."* (Italics ours.)

play. In connection with the nature of the facts charged, it is unavoidable to take into consideration the seriousness of the same—that is, whether facts constituting a felony or misdemeanor or facts which do not even constitute an offense are involved—and the manner in which these were performed—if by means of the use of prohibited weapons, the existence or not of malice, aforethought or deliberation. As to the minor and his history it is necessary to take into consideration the minor's social study, the psychiatric and psychological evaluations which may have been made to him and the manner in which he has responded or may respond to probation and the social services of the court. Views more or less similar to these appear stated in the Appendix of the opinion of the Court in the case of *Kent* v. *United States*, 383 U.S. 543, 565.

In the light of these factors let us see now the facts pertinent to the instant case.

The record of this case reveals that on February 29, 1968, the Division of Matters Concerning Minors of the court of first instance ordered that a complaint be filed against him on the grounds that:

". . . Since approximately four months he has been showing problems in behavior, consisting in that he does not obey or respect his mother, he runs away from his house frequently, he is seen with a prostitute, leaves his home without permission and returns at dawn, has made use of intoxicating liquor frequently, assumes an aggressive position against his father, does not attend school, meets with persons of doubtful reputation, at times has taken money to his home whose origin is not known. As a result of the problems he presents, his father cannot put up with or control him."

Appellant admitted the facts in this complaint. He was declared incorrigible by an order of March 19, 1968, being placed under the custody of the mother with instructions that the Juvenile Probation Officer would refer him to the Diagnosis Clinic for the pertinent evaluations.

Three months after his incorrigibility was decreed, appellant committed an offense of burglary in the first degree. Being represented by attorney, he admitted the facts. On the basis of the Report of the Juvenile Probation Officer, on August 19, 1968, the court ordered that the custody of the child would continue in the power of his mother, under the same conditions of probation in which he was before.

Two months later, on October 18, 1968, the minor committed another offense. This time, they were facts that, if he were tried as an adult, would constitute aggravated assault and battery. The Juvenile Probation Officer recommended to the court to permit appellant to continue on probation as a last opportunity. On December 11, 1968, the trial court declared him guilty of said offense and left him on probation for a period of 90 days, at the end of which the Probation Officer should render a report to evaluate the conduct and adjustment of the child.

The Psychological Evaluation Report of December 19, 1968, contains the following observations:

"The personality tests reveal that we are working with a youth who does not present any evidence of disturbances of disintegrative nature. We find, however, *that we are working with a markedly hostile and diffident person, who manifests feelings of aggressiveness and hostility, which are easily generated and expressed in the level of action.* These feelings are accompanied by very poor internal controls, which suggest to us the possibility of new offenses . . . . *We believe that this youth needs an intense and frequent supervision from the court, since the possibility of new offenses should be taken into consideration."* (Italics ours.)

Some days after this report another complaint was filed against the minor for facts allegedly committed on January 7, 1969, which constituted an offense of *murder in the first degree.* He was declared guilty of said fault and his confinement in an institution under the supervision of the Social Services Department was ordered. This is, precisely, the

judgment whose reversal the minor appellant requests from us in this appeal.

This history makes manifest that a minor "markedly hostile and diffident, . . . who manifests feelings of aggressiveness and hostility, which are easily generated and expressed in the level of action," is involved. It also reveals a repeated pattern of antisocial behavior on appellant's part which has made probation and the social services of the Minors' Court inefficient. Such circumstances, together with the seriousness of the offense charged, are decisive in the waiver of jurisdiction and change of venue of the case, unless reasons to the contrary are adduced which at this time we do not have any knowledge of.

That is why we deem that the ends of justice are better achieved remanding the case so that the trial court hold a hearing giving appellant an opportunity to show cause, if he has any, why it should not waive its jurisdiction.

It is convenient to indicate that appellant himself raised the waiver of jurisdiction before the Division of Matters Concerning Minors. See to that effect page 58 of the stenographic record of the hearing held to determine probable cause. Also in his brief before us he insists in the convenience of the waiver of jurisdiction, arguing at page 45:

"When the facts in the instant case occurred M. . . . G. . . . G. . . . was seventeen years old. A waiver of jurisdiction on the part of the Minors' Guardianship Court would have been sufficient and M. . . . would have been tried as an adult with all the protections and constitutional guarantees which adults enjoy including the right to a trial by jury.

"Therefore, we now have that a determination of the Minors' Court would have been sufficient enough so that mandatorily M. . . . would benefit from a trial by jury without varying any of the circumstances of the case; not even his age of 17 years, that is to say, that a minor 17 years old is granted arbitrarily the right to be tried by a jury and the same right may be denied to another minor 17 years old under the same circumstances

merely because the determination of the Minors' Judge of waiving jurisdiction is inoperative."

For the purpose of accelerating the proceedings avoiding unnecessary delays, it is convenient that we explain the scope of the amendment made to § 4 by Act No. 94 of June 26, 1964. We are referring to the provision that establishes that:

"No . . . evidence adduced against the minor before this court, may be offered or admitted as evidence in any other civil or criminal case, or in any other judicial proceeding commenced with any purpose against said minor."

■ This provision does not preclude that the evidence adduced in the Division of Matters Concerning Minors be introduced in the corresponding trial before the Criminal Division of the trial court once the jurisdiction is waived. By its own terms said prohibition is applicable only to *"another"* case or civil or criminal proceeding followed against the minor. It is not applicable when the *same case* heard before the corresponding division is involved, once the waiver of the Division of Matters Concerning Minors has intervened. If it were applicable to the same case, the waiver of the Division of Matters Concerning Minors could constitute a ridicule of the administration of justice, as by means of the waiver, any proceeding against the minor for the same facts before the Criminal Division would be thwarted since the evidence adduced in the hearing for waiver cannot be introduced.[4] In said hearing, generally, the Division of Matters Concerning Minors has to hear evidence about the facts charged as well as about the minor and his history. The Rules for Proceedings Concerning Children themselves facilitate the offering and admission of evidence adduced in the hearing for waiver. To that effect, Rule 13.2 provides that the order of change of venue to the Criminal Division shall be accompanied by the *testimony, evidence, documents,* and any other infor-

---

[4] We are not referring, of course, to the defense of double jeopardy when the same lies.

mation in the judge's possession, except such as, according to the Rules are of confidential character. Rules 7.2 and 11.3 declare confidential only the social study and the social record of the minor.

Said rules would not have any sense if the said provisions in § 4 would have the effect of prohibiting the admission of evidence adduced in the hearing for the waiver of jurisdiction.

The order appealed from will be set aside and the case remanded for further proceedings not inconsistent with the foregoing.